FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 03, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DARALD H. S., <br><br>                 Plaintiff, <br><br>    -vs- <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security <br><br>                 Defendant. | No.   2:22-CV-0320-WFN <br><br> ORDER |

Darald H. S. [Plaintiff] brings this action seeking judicial review of the Commissioner of Social Security's final decision denying his application for disability benefits. ECF No. 1. Attorney Jordan Goddard represents Plaintiff. Special Assistant United States Attorney Erin F. Highland represents the Commissioner [Defendant]. After reviewing the administrative record and the briefs filed by the parties, the Court **REVERSES** the Commissioner's final decision.

## JURISDICTION

Plaintiff applied for Disability Insurance Benefits and Supplemental Security Income on August 16, 2019, alleging disability beginning on July 1, 2019. Tr. 16, 281–90. The application was denied initially, Tr. 147–54, and on reconsideration, Tr. 165–70. Administrative Law Judge [ALJ] Mark Kim held a hearing on September 15, 2021, Tr. 45–74, and issued an unfavorable decision on September 21, 2021, Tr. 16–32. The Appeals Council denied review on November 7, 2022. Tr. 1–7. The ALJ's September 2021 decision became the Commissioner's final decision, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on December 19, 2022. ECF No. 1.

ORDER - 1

## FACTS

Plaintiff was born in 1974 and was 44 years of age as of his alleged onset date. Tr. 31, 47, 281, 289. He has a GED, Tr. 31, 49, and past work as a handyman, Tr. 30, 63. He also worked as a flagger and a truck-mounted attenuator driver. Tr. 61. Plaintiff alleges disability due to amputation of his left leg below the knee, blood clotting, depression, and anxiety. Tr. 23, 309.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.1995). The Court reviews the ALJ's legal conclusions *de novo* but gives deference to a reasonable interpretation of a statute the agency is charged with administering. *See McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The ALJ's decision will be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097–98 (9th Cir. 1999). Substantial evidence is more than a scintilla, but less than a preponderance. *Id*. at 1098. Put another way, "'[i]t means such relevant evidence as a reasonable mind might assess as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for the ALJ's. *Tackett*, 180 F.3d at 1097–98; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). The ALJ's decision is conclusive if it is supported by substantial evidence, even if conflicting evidence supports a finding of either disability or non-disability. *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987). But a decision supported by substantial evidence will still be set aside if it is based on legal error. *Brawner v. Sec'y of Health & Hum. Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987). In steps one through four the claimant bears the

burden of establishing disability. *Tackett*, 180 F.3d at 1098–99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193–94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, he will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On September 29, 2021, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 16–32.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 18.

At step two, the ALJ determined Plaintiff had the following severe impairments: "left leg below knee amputation; vascular insufficiency; [and] obesity." *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 21–22.

The ALJ assessed Plaintiff's Residual Functional Capacity [RFC] and found he could perform light work

> except he can stand and/or walk for only 30 minutes at a time, meaning after 30 minutes of standing/waking, he must be allowed to change to a sitting position for about 5 minutes before returning, while staying on task. He can never crawl or climb ladders, ropes, or scaffolds; he can occasionally balance, stoop, and kneel; he can less than occasionally ([5%] of the workday or less) crouch or climb stairs; and he must avoid extreme cold temperatures and unprotected heights.

ORDER - 3

Tr. 22.

At step four, the ALJ found Plaintiff was unable to perform past relevant work as a handy man. Tr. 30.

At step five, the ALJ found, based on the vocational expert's testimony, and considering Plaintiff's age, education, work experience, and RFC, there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform. Tr. 31–32. The ALJ specifically identified the representative occupations of cashier, router, and storage facility rental clerk. Tr. 31.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 32.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether the decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) finding Plaintiff did not need an assistive device without addressing medical evidence to the contrary; (2) finding Plaintiff's statements about the intensity, persistence, and limiting effects of his symptoms not credible, (3) improperly considering the medical opinions of physicians from State Disability Determination Services, and (4) rejecting lay testimony without germane reasons.

## DISCUSSION

**(1) Ginger Blake, A.R.N.P., recommendation that plaintiff use assistive devices.**

Plaintiff's left leg was amputated below the knee on July 27, 2019. Tr. 663. He weighed 236 pounds at that time and 281 pounds by mid-November of the same year. Tr. 23. Plaintiff testified that he uses crutches outside the house and a walker inside the house, and that although they were not prescribed or recommended by his medical providers it was obvious to him that they were necessary. Tr. 51–52, 56.

The ALJ did not include the need for an assistive device in the RFC. Tr. 22. He found, at step three, that there was no established medical necessity for an assistive device that

ORDER - 4

required the use of both hands, Tr. 21, but did not make explicit finding regarding the use of an assistive device that required the use of one hand, such as a cane, *see* Tr. 16–32. The ALJ did note Plaintiff's testimony that he obtained and started using crutches though they were not prescribed or recommended to him. Tr. 24. However, the ALJ did not discuss Plaintiff's primary care provider's recommendation that Plaintiff "continue to use assistive devices to stabilize gait (walker and crutch)." Tr. 902.

Plaintiff argues this was harmful error because the use of an assistive device can significantly reduce work abilities and the vocational expert did not testify regarding use of an assistive device. ECF No. 9 at 9–10, 13. Defendant responds that use of an assistive device is only a functional limitation if it is medically required. ECF No. 12 at 7 (citing SSR 96-9p, 1996 WL 374185, at *7 (July 2, 1996). And the device is only medically required if there is medical documentation establishing the need for it and describing the circumstances for which it is needed. *Id.* Defendant argues, with citation to caselaw, that Plaintiff's own statements that he uses assistive devices do not count as medical documentation of Plaintiff's need for assistive devices. ECF No. 12 at 8. Nor do notes from Plaintiff's doctors observing that Plaintiff uses assistive devices. *Id.* However, Defendant does not address Plaintiff's primary care provider's recommendation that Plaintiff continue to use his walker and crutches as necessary to stabilize his gait. *See id.*

The Court agrees with Plaintiff at least in part. On January 26, 2021, Plaintiff's primary care provider, Ginger Blake, A.R.N.P., recommended Plaintiff "continue to use assistive devices to stabilize gait (walker and crutch)." Tr. 902. The ALJ did not address this evidence in his written decision, *see* Tr. 16–32, and the Commissioner does not address it now, *see* ECF No. 12 at 7–8. The ALJ was not required to find Plaintiff needs an assistive device. However, it was error to conclude Plaintiff did not require an assistive device without addressing Ms. Blake's recommendation. *See Universal Camera Corp. v. N.L.R.B.*, 340 U.S. 474, 488 (1951) ("The substantiality of evidence must take into account whatever in the record fairly detracts from its weight."); *cf. Woods*, 32 F.4th at 792 ("[A]n ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing

an explanation supported by substantial evidence."). On remand, the ALJ shall consider Ms. Blake's recommendation and reevaluate whether Plaintiff requires an assistive device.

**(2) Plaintiff's Other Assignments of Error**

Plaintiff also argues the ALJ erred by finding Plaintiff's statements about the intensity, persistence, and limiting effects of his symptoms not credible; improperly considering the medical opinions of physicians from State Disability Determination Services; and rejecting lay testimony without germane reasons. ECF No. 9 at 3–19. The analysis of all these issues would be significantly impacted by a finding that Plaintiff requires an assistive device. Therefore, the ALJ shall reevaluate these issues on remand as well.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ erred by finding Plaintiff does not require an assistive device without addressing Ms. Blake's apparent contrary recommendation. The Court has reviewed the briefs and the file and is fully informed Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's Brief, filed April 5, 2023, **ECF No. 9**, is **GRANTED IN PART**.

2. Defendant's Brief, filed May 8, 2023, **ECF No. 12**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide copies to counsel. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** this 3rd day of August, 2023.

08-01-23

WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 6